**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **XUAN LIU,** | |
| Plaintiff, | |
| v. | Civil Action No.: 25-cv-15027 |
| | Honorable Judge John Robert Blakey |
| **THE INDIVIDUAL, PARTNERSHIP, OR UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE A,** | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff Xuan Liu ("Plaintiff") hereby sues the Individual, Partnership, or Unincorporated Association as delineated on Schedule A hereto ("Defendant"), alleging as follows:

## INTRODUCTION

1.      This action has been filed by Plaintiff to combat the e-commerce store who trades upon Plaintiff's reputation and goodwill by offering for sale and selling unauthorized and unlicensed products, mainly including consumer goods, using infringing and derivative versions of Plaintiff's federally registered copyright VA 2-444-503 (the "Infringing Products"). Defendant creates e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and/or selling Infringing Products to unknowing consumers. Defendant attempts to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their infringing operation.

1

2.     Plaintiff is forced to file this action to combat Defendant's infringement of its federally registered copyright as well as to protect unknowing consumers from purchasing Infringing Products over the Internet.

3.     Plaintiff has been and continues to be irreparably damaged through loss of market share, loss of future sales, inability to realize a return on investment, diminished goodwill and brand confidence, damage to Plaintiff's reputation, damage to Plaintiff's creative content, and loss of exclusivity in its valuable copyright rights as a result of Defendant's actions and seeks injunctive and monetary relief.

### PARTIES

4.     Plaintiff, Xuan Liu, is an accomplished designer and visual artist based in Maoming City, China. He has formal academic training in design, which serves as the foundation of his professional practice. His expertise is evidenced by his participation in curated art exhibitions and a proven record of commercial sales, establishing him as a recognized creator in the field.

5.     Leveraging his strong design background and practical industry experience, Plaintiff's creative practice focuses on the sophisticated fusion of functional design and aesthetic innovation. He demonstrates a discerning eye for enhancing original artworks, decorative patterns, and derivative products to ensure they meet high standards of conceptual depth, visual quality, and market relevance. His work has been recognized through both public exhibitions and commercial success.

6.     Plaintiff's mission is to provide high-quality artworks and derivative products that combine artistry with symbolism, offering both visual impact and emotional depth.

7.    Plaintiff is the sole owner of United States copyright Reg. No. VA 2-444-503 (hereinafter "Plaintiff's Copyright" or "Copyright-in-Suit"). *See* **Exhibit A**. A true and correct copy of Plaintiff's Copyright registration is attached as **Exhibit A**.

8.    Plaintiff's Copyright includes a 2D work.

9.    Each of Plaintiff's works are personally designed by Plaintiff, inspired by natural elements, religious symbols, and/or forms of life.

10.    Plaintiff's Copyright includes Plaintiff's flagship collection, which was created in 2020 and registered with the U.S. Copyright Office, and is legally protected.

11.    Plaintiff spent significant time and resources on advertising or otherwise promoting the Plaintiff's Copyright and products thereof.

12.    Since 2020, Plaintiff has devoted substantial time and effort to the creation, design, and commercialization of products incorporating Plaintiff's Copyright.

13.    Since 2020, Plaintiff has made significant financial investments in the development, protection, and promotion of Plaintiff's Copyright, including but not limited to creation-related expenses, professional equipment, copyright registration, and digital marketing efforts.

14.    Plaintiff continually allocates resources to update his creative portfolio and integrate customer feedback to maintain the relevance and quality of his offerings.

15.     Plaintiff's target customers for products incorporating Plaintiff's Copyright include art collectors, home décor consumers, cultural product enthusiasts, and faith-based communities.

16.    Plaintiff has expended substantial time, money, and other resources in producing, advertising, and otherwise promoting Plaintiff's Copyright and products thereof. Over time, Plaintiff has invested heavily in the Plaintiff's Copyright and respective products.

17.     The above U.S. registration for the Copyright-in-Suit is valid, subsisting, and in full force and effect. *See* **Exhibit A**.

18.     Plaintiff's Copyright has gradually gained recognition for its distinctive elements, design, and features. As a result, Plaintiff's Copyright and the related products have come to be regarded by certain consumers as quality works originating from Plaintiff. Over time, Plaintiff's Copyright and the related products have attracted attention in the market, which appears to have led Defendant to imitate Plaintiff's Copyright.

19.     Plaintiff's copyrighted works have gained a certain degree of commercial attention in specific categories and have received a measure of broader recognition, reflecting and reinforcing the goodwill and creative value embodied in Plaintiff's works.

20.     Over the years, Plaintiff's business involving products embodying the Plaintiff's Copyright has experienced steady development and modest growth, indicating a certain degree of market recognition and ongoing brand cultivation.

21.     Plaintiff actively protects its intellectual property rights through online monitoring and infringement reporting. These measures aim to safeguard Plaintiff's reputation and associated goodwill of Plaintiff's works, including Plaintiff's Copyright.

22.     Plaintiff became aware of Defendant who also started to sell products, under or embodying the Copyright-in-Suit, which are virtually identical to the Copyright-in-Suit. As such, Plaintiff filed this action to combat this Seller Alias listed on **Schedule A** who is harming Plaintiff by offering to sell, selling, advertising, and/or shipping unlicensed products utilizing the Copyright-in-Suit.

23.     The influx of and wide-spread use of infringing and derivative copies of Plaintiff's Copyright on the exact same or substantially similar products led to a sharp drop in revenue.

24.     As a direct result of Defendant's infringement, Plaintiff has suffered and continues to suffer significant economic losses, including but not limited to: (a) substantial lost revenue and profits from diverted sales due to Defendant's unauthorized, lower-priced competing products; (b) the destruction of valuable licensing opportunities; (c) substantial and ongoing damage to the reputation and goodwill associated with Plaintiff's Copyright; and (d) the incurrence of considerable costs in enforcing Plaintiff's intellectual property rights.

25.     This infringing behavior by Defendant severely impacts Plaintiff's copyright rights and undermines the fair competition environment in the market. The sales of Plaintiff's products embodying the Copyright-in-Suit have dropped significantly and Plaintiff's market share has been illegally eroded.

26.     The infringing behavior of this Seller Alias has diminished Plaintiff's copyright rights and resulted in loss of exclusivity and control of creative content. Plaintiff has not been able to realize the return of investment in the Copyright-in-Suit.

27.     Plaintiff has lost control over the rights in the Plaintiff's Copyright, lost Plaintiff's and Plaintiff's products reputation, associated goodwill of Plaintiff's Copyright, and ability to exploit the protected work. Plaintiff has also lost profit, market share, and sales volume.

28.     Plaintiff has not entered a contract with or licensing agreement with Defendant for the Copyright-in-Suit. Defendant is not an authorized seller of products bearing or otherwise using Plaintiff's Copyright.

29.     Defendant is a partnership, individual, and/or unincorporated association operating as a fictitious seller alias on an online platform who targets sales to Illinois residents by setting up and operating an interactive "storefront" under the alias via online retail website(s). *See* **Exhibit C**.

5

30.     Defendant targets Illinois consumers by advertising, offering to sell, and standing ready, willing and able to, and upon information and belief does, sell and ship Infringing Products to the United States, including Illinois, using infringing and/or derivative copies of Plaintiff's Copyright. *See* **Exhibit B.**

31.     Based on the seller alias name and research of Defendant, Defendant resides and operates in the People's Republic of China or other foreign jurisdictions with lenient intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Aa a result, Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). *See* **Exhibit C**.

32.     A search of Defendant's fictitious address via Google do not appear to return the same fictitious seller alias name, respectively. *See* **Exhibit C**.

33.     Defendant's interactive site is in English and accepts U.S. Dollars. *See* **Exhibit B**.

34.     Defendant operates one or more e-commerce stores under the seller alias listed in Schedule A. Through fictitious seller alias and the anonymity allowed by marketplace platform, Defendant purposely conceals their true identity and the full scope of their operations. *See* **Exhibit C**.

35.     Defendant has the opportunity to operate under a proper individual, partnership, or entity name, but Defendant willfully chooses to operate under a fictitious seller alias.

### DEFENDANT'S INFRINGING CONDUCT

36.     While the seller alias (or Defendant) alone may appear as some small-time infringer, the actions of Defendant are of enormous detriment.

37.     The infringement empire Defendant participates in and takes advantage of is a $500+ ***Billion*** Dollar industry. The U.S. Department of Homeland Security recognizes this serious threat posed by Defendant, detailing the expansive nature as seen below (*See* **Exhibit E**):

**COUNTERFEIT GOODS ON E-COMMERCE PLATFORMS**

**$509 Billion**

*The value of trade in counterfeit and pirated goods (2016)[i]*

**$1.5 Billion**

*The value of seized merchandise (2019)[ii]*

**27,599**

*The number of CBP seizures of infringing goods (2019)[iii]*

**3.3%**

*Of total world trade was estimated to be in counterfeit and pirated goods (2016)[iv]*

**2.5 Million**

*Number of suspected bad actors reportedly prevented from selling goods on a major e-commerce platform (2019)[v]*

**6 Billion**

*Number of counterfeit listings reportedly removed from a major e-commerce platform (2019)[vi]*

38.     Third party online platforms do not adequately subject sellers to verification and confirmation of their identities and products, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit D**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

39.     "At least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary." **Exhibit E**, Combating Trafficking in Counterfeit and Pirated Goods prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans. Because these online platforms generally do not require a seller to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated. *Id*. at 39.

40.     Based on the limited information available and Google research, Defendant engaged in fraudulent conduct when registering the seller alias by providing false, misleading and/or incomplete information to e-commerce platform(s) to prevent discovery of their true identity, location, and/or the scope of their e-commerce operations. *See generally* **Exhibit C**.

7

41.     Defendant has the ability to quickly and easily change e-commerce store data, including but not limited to titles, descriptions, images, videos, Date First Available, and other product information.

42.     Defendant sells, offers for sale, distributes, and/or advertises goods utilizing infringing and/or derivative versions of Plaintiff's Copyright.

43.     Defendant uses infringing and/or derivative copies of Plaintiff's Copyright on at least their respective product pages, seller pages, advertisements, products, and/or product packaging. *See* **Exhibit B**.

44.     The e-commerce store operating under the seller alias includes content and images that make it very difficult for consumers to distinguish such store from an authorized retailer of products embodying Plaintiff's Copyright. *See* **Exhibit B**.

45.     Defendant concurrently employs and benefits from substantially similar advertising and marketing strategies as Plaintiff. For example, Defendant facilitates sales by designing the e-commerce store(s) operating under the seller alias so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers of authorized products embodying Plaintiff's Copyright. *See* **Exhibit B**.

46.     Defendant uses a fictitious name to keep selling despite Plaintiff's actions. *See* **Exhibit C**.

47.     Upon information and belief, Defendant has bank accounts outside this Court's reach and moves money there regularly to avoid paying any monetary judgment. In fact, financial records from similar Schedule A cases show that off-shore sellers frequently transfer money from U.S. accounts to foreign ones on a regular basis, and upon notice of a lawsuit, to avoid paying any judgment ordered by a court of law in the United States.

48.     Upon information and belief, Defendant is involved in, reviews, and/or is in communication with other seller aliases via WeChat and QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, that provide litigation specific content to warn anonymous seller alias networks of upcoming lawsuits against their many respective product listings and aliases.

49.     Defendant takes advantage of a set of circumstances - the anonymity and mass reach the internet affords - to sell Infringing Products, all from across international borders.

50.     The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill and reputation associated with Plaintiff's Copyright and the destruction of the legitimate market sector in which it operates.

51.     Defendant is causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods and/or creative works, (ii) causing an overall degradation of the value associated with Plaintiff's Copyright and respective products therein, and (iii) increasing Plaintiff's overall cost to market and educate consumers about its products embodied in Plaintiff's Copyright.

52.     The e-commerce store operating under the seller alias advertises, offers to sell, and stands ready, willing, and able to, and upon information and belief does, sell and ship Infringing Products to the United States, including Illinois. *See* **Exhibit B.**

53.     Defendant's use of the Plaintiff's Copyright in connection with the advertising, distribution, offering for sale, and/or sale of Infringing Products is likely to cause and/or has caused confusion, mistake, and/or deception by and among consumers and is irreparably harming Plaintiff.

54.     Defendant's infringing and/or derivative use of Plaintiff's Copyright has caused significant financial loss to Plaintiff.

55.     Defendant will continue to advertise, sell, and/or offer for sale products under Plaintiff's intellectual property, namely products containing in whole, or in part, Plaintiff's Copyright, unless preliminarily and permanently enjoined.

## JURISDICTION AND VENUE

56.     This is an action for infringement of the Copyright-in-Suit arising under 17 U.S.C. §501.

57.     This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, et seq., under 28 U.S.C. §§ 1331 and 1338(a), (b).

58.     Personal jurisdiction is proper because Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet store operating under the Seller Alias, where Defendant advertises, displays, offers to sell, and stands ready, willing and able to, and upon information and belief does, sell and ship Infringing Products to residents within the Northern District of Illinois. *See* **Exhibit B**. Defendant affirmatively chooses to offer shipping of Infringing Products to Illinois. As a result, Defendant has purposefully availed themselves of the privilege of conducting business in the forum state or purposefully directed their copyright infringement activities at the state; Plaintiff's injuries stems from the Defendant's forum-related activities of advertising, offering to sell, selling, and/or shipping Infringing Products to the forum-state; and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

59.     Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can, and upon information

10

and belief, have, purchased products utilizing infringing and/or derivative copies Plaintiff's Copyright. *See* **Exhibit B**. Defendant has targeted sales from Illinois residents by operating online stores and affirmatively choosing to offer shipping to the United States, including Illinois, accept payment in United States Dollars, and is in English.

60. Defendant is systematically directing or targeting their business activities at consumers in the United States, including Illinois, through at least one Internet platform, under the Seller Alias, through which consumers in the United States, including Illinois, can and do view Defendant's Infringing Product listing, communicate with Defendant regarding their respective Infringing Products, place orders for Defendant's Infringing Products, and ship Defendant's Infringing Products to United States addresses, including Illinois. *See* **Exhibit B**. Despite being from a foreign nation, Defendant's e-commerce stores are made to confuse consumers that they and/or their products originate in the United States, and the store is in English and accepts USD. *See* **Exhibit B**. The level of interactivity is high, where consumers of Illinois can: communicate to Defendant about Infringing Products, view the Infringing Products, purchase the Infringing Products, and ship the Infringing Products to their respective Illinois addresses. Defendant, through their fictitious Seller Alias, utilize the one marketplace platform, and likely other marketplace platforms, for the sole purpose of conducting business transactions, as described above. The Internet webpages owned and operated by Defendant, as described above, are purely commercial in nature. The level of interactivity of these marketplace platform listings owned and operated by Defendant are extremely high and establish regular business with the U.S. and Illinois.

61. Alternatively, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2), where "a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to

jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Based on the limited information found on Defendant's Infringing Product listings and based on the Seller Alias being of foreign origin, Defendant is a foreign entity, individual, or unincorporated association not subject to any state's courts general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

62.     Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to the claim occur within this District, Defendant has committed acts of infringement in and has significant contacts within this District – as described above, and Defendant as delineated in Schedule A is directly targeting their business activities of offering to sell, selling, advertising, and/or shipping the Infringing Products to this District.

63.     Based on information found on Defendant's Infringing Product listings and based on the Seller Alias itself, Defendant is a foreign entity or individual, and "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

64.     Further, venue is proper in this district under 28 U.S.C. § 1400 because Defendant is subject to the court's personal jurisdiction and therefore resides in this judicial district or may be found here.

**COUNT I**
**INFRINGEMENT OF PLAINTIFF'S COPYRIGHT**

65.     Plaintiff hereby re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

66.     Plaintiff is the true and correct owner of Plaintiff's Copyright. *See* **Exhibit A**.

67.     Plaintiff has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to Plaintiff's Copyright.

68.     Plaintiff's Copyright is an original work.

69.     Under 17 U.S.C. § 106, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the United States, of the Plaintiff's Copyright.

70.     Defendant infringed Plaintiff's exclusive copyright by creating infringing and/or derivative works, copying, displaying, reproducing, advertising, and/or distributing works to the public based upon Plaintiff's Copyright in violation of 17 U.S.C. § 106, as seen in **Exhibit B**.

71.     Defendant's Infringing Products, Infringing Product listing pages, and/or Infringing Product packaging, incorporate and copy Plaintiff's Copyright.  Defendant's copying constitutes improper appropriation of Plaintiff's Copyright.

72.     Defendant's Infringing Products, Infringing Product listing pages, and/or Infringing Product packaging are unlawful copies and/or derivatives of Plaintiff's Copyright.

73.     Defendant had access to Plaintiff's Copyright.

74.     Due to Defendant's infringing behavior as alleged herein, Defendant has obtained direct and/or indirect profits they would not otherwise have realized but for their infringement of Plaintiff's Copyright.

75.     Defendant has and/or is infringing the Copyright-in-Suit in the State of Illinois, in this judicial district, and other jurisdictions in the United States by displaying, advertising, selling, and/or offering to sell products utilizing and/or under derivative and/or infringing copies of the Copyright-in-Suit.

76.     Upon information and belief, Defendant's conduct constitutes willful and direct copyright infringement. The virtually identical nature  between Plaintiff's Copyright and infringing products and/or images used in advertising or displaying or packaging the products sold by Defendant further evidences the willful and direct infringement by Defendant.

77.     Due to Defendant's acts of infringement, Plaintiff has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

78.     The harm caused to Plaintiff is irreparable.

79.     Upon information and belief, Defendant had actual or constructive knowledge of Plaintiff and/or Plaintiff's Copyright before and/or during Defendant's advertising, offering for sale, and/or sale of Infringing Products.

80.     Upon information and belief, Defendant's conduct as alleged herein was willful, reckless, and/or with knowledge.

## COUNT II
## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

81.     Plaintiff re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

82.     Upon information and belief, Plaintiff alleges that Defendant knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of Plaintiff's Copyright. Such conduct included, without limitation, creating derivative works, creating products which use Plaintiff's Copyright, and/or advertising, offering for sale, and/or selling products under such infringing and/or derivative works that Defendant knew, or should have known, were not authorized to be published by Defendant.

14

83.     Upon information and belief, Plaintiff alleges that Defendant is vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendant profited in connection with the Infringing Products and advertising of infringing and/or derivative copies of Plaintiff's Copyright, and were able to supervise the distribution, broadcast, and publication of the Infringing Products.

84.     By reason of the Defendant's acts of contributory and vicarious infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

85.     Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's Copyright.

86.     Upon information and belief, Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional and/or malicious.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a. Entry of temporary, preliminary and permanent injunctions, pursuant to 17 U.S.C.§ 502(a) and Federal Rule of Civil Procedure 65, enjoining Defendant, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell Infringing Products and/or Plaintiff's Copyright.

b. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators that are provided with notice of the injunction, including but not limited to the online marketplace Walmart, identify any e-mail address(es) known to be associated with Defendant's respective Seller ID and Seller Alias, and cease facilitating access to any or all e-commerce stores through which Defendant engages in the promotion, advertising, offering for sale, and/or sale of Infringing Products and/or Plaintiff's Copyright.

c. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to the online marketplace Walmart, permanently remove any and all listings offering for sale or advertising Infringing Products and/or Plaintiff's Copyright via the e-commerce stores operating under the Seller ID and Seller Alias, including any and all listings linked to the same seller or linked to any other alias seller identification name being used and/or controlled by Defendant to promote, advertise, display, offer for sale and/or sell Infringing Products and/or Plaintiff's Copyright.

d. Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to the online marketplace Walmart, immediately cease fulfillment of and sequester all goods of Defendant or other Seller under a Seller ID offering for sale the Infringing Product in its inventory, possession, custody, or control, and surrender those goods to Plaintiff.

e. Entry of an Order requiring Defendant to account to and pay Plaintiff actual damages and/or Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504.

f. Entry of an Order finding that this case is exceptional and an award to Plaintiff its attorney fees and costs as provided by for under 17 U.S.C. § 505.

g. Entry of an Order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller ID or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

h. Entry of an award of pre- and post-judgment interest on the judgment amount.

i. Entry of an order for any further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


DATED December 16, 2025                    Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*